UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott LeBlanc

   v.                                                  Case No. 18-cv-1245-LM

State of New Hampshire


**REPORT AND RECOMMENDATION**

Scott LeBlanc has filed a "Motion for Stay and Abeyance of Petition Filed Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus." (Doc. No. 1). The motion is before this magistrate judge pursuant to LR 72.1, for a report and recommendation ("R&R") as to its disposition.

**Background**

LeBlanc is a prisoner of the State of New Hampshire who was convicted in state court of one or more counts of aggravated felonious sexual assault. See State v. LeBlanc, No. 2016-0353, 2017 N.H. LEXIS 198, 2017 WL 4770564 (N.H. Sept. 20, 2017) (citing RSA 632-A:2 (2016)). He appealed his convictions, and on September 20, 2017, the New Hampshire Supreme Court issued an unpublished opinion affirming those conviction. See id.

LeBlanc filed a motion for a new trial in the trial court on October 25, 2018. See Mot. To Stay (Doc. No. 1), at 2. He filed the instant motion to stay on December 26, 2018, seeking

1

to stay federal habeas corpus proceedings in this court while he pursues a new trial in the state courts.

LeBlanc has not filed a petition for writ of habeas corpus in federal district court, however. Therefore, this court issued an Order notifying LeBlanc that under Rhines v. Weber, 544 U.S. 269, 277 (2005), one of the factors the court must consider in deciding whether to grant a motion for stay and abeyance is "whether the grounds upon which the petitioner seeks federal habeas relief are 'plainly meritless,'" April 3, 2020 Order (Doc. No. 8), at 1, something this court could not do because LeBlanc had not filed a federal habeas petition, or any other document, stating substantive grounds for relief. The court directed the Clerk of Court to send a blank form petition – "Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)," (AO 241), – to LeBlanc and instructed LeBlanc to complete the form, listing all grounds for relief, with supporting facts, that he intended to pursue in federal habeas, and file it as an exhibit to his motion for stay and abeyance within 30 days. See id. at 1-2. The Order alerted LeBlanc that upon receipt of his completed habeas petition, the court would determine whether a stay should be entered so that LeBlanc could exhaust his federal habeas claims in the state courts, whether the case should otherwise proceed, or whether the case should be

2

dismissed.  See id. at 2.  The court also warned LeBlanc that failure to comply with the Order would result in a recommendation that the motion for stay and abeyance be denied. See id. at 2.

LeBlanc filed a response (Doc. No. 9) to the court's Order, on April 23, 2020.  He did not file a petition for writ of habeas corpus as an exhibit.  Instead, LeBlanc provided the court an update on the status of his state court proceedings and reargued that there is good cause for the court to grant the motion for stay and abeyance.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), establishes a one-year statute of limitations for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254.  The one-year period generally starts when a prisoner's conviction becomes final, at the conclusion of a direct appeal or the expiration of time for seeking a direct appeal.  See § 2244(d)(1)(A).  The statute of limitations is tolled, however, during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

In Rhines v. Weber, the Court held that when presented with a timely-filed habeas petition containing both exhausted and unexhausted claims, a district court may stay the petition where certain criteria are satisfied so that the petitioner can return to state court to complete the exhaustion process and subsequently return to federal court to pursue his fully exhausted habeas claims. 544 U.S. at 278. Such a procedure allows a prisoner facing expiration of the statute of limitations to file a timely federal habeas petition and still exhaust his habeas claims in the state courts.

Rhines is inapposite here, however, as LeBlanc has not filed a federal habeas petition. Nor has he identified grounds for substantive habeas relief in either his motion for stay and abeyance or his response to this court's April 3, 2020 Order.[1] Consequently, there is no action for this court to stay and hold in abeyance.

"'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,'

---

[1] Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a filing and recharacterize it in order to place it within a different legal category "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." See Castro v. United States, 540 U.S. 375, 381 (2003). Had LeBlanc's motion or response discussed the grounds for relief he currently is attempting to exhaust in the state courts, for example, this court may have been able to recharacterize one or the other as a § 2254 petition.

4

and 'a federal court [lacks] the power to render advisory opinions.'" U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  In the context of a habeas action, "a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." Woodford v. Garceau, 538 U.S. 202, 208 (2003); see also Calderon v. Ashmus, 523 U.S. 740, 746 (1998) ("The underlying 'controversy' between petitioners and respondent is whether respondent is entitled to federal habeas relief setting aside his sentence or conviction [.]").  Without the filing of a habeas petition, or the inclusion of grounds for substantive habeas relief in the motion to stay, there is no case or controversy before the court, and it does not have jurisdiction to consider the motion.  See, e.g., Calderon, 523 U.S. at 746-49 (no "case or controversy" where prisoners sought declaratory relief to determine time limits that would govern future habeas actions); United States v. Thomas, 713 F.3d 165, 168 (3d Cir. 2013) (noting, in dicta, that "no case or controversy generally exists before an actual § 2254 petition is filed." (citations omitted)); Drewry v. Maine, No. 1:14-MC-00187-JAW, 2014 U.S. Dist. LEXIS 131381, at *2, 2014 WL 4987938, at *1 (D. Me. Sept. 18, 2014), R&R adopted, No. 1:14-MC-00187-JAW, 2014 U.S. Dist. LEXIS 142266, 2014 WL 4987938 (D. Me. Oct.

5

7, 2014); see also Gonzalez v. Madden, No. CV 20-1803-DSF (KK), 2020 U.S. Dist. LEXIS 38362, 2020 WL 1062148 (C.D. Cal. Mar. 4, 2020) (dismissing action because movant sought extension of time without having filed a federal habeas petition, and, therefore, there was no case or controversy properly before the court); Crystal v. Inch, No. 3:19-CV-4915-LC-MJF, 2019 U.S. Dist. LEXIS 224915, at *2, 2019 WL 7580177, at *1 (N.D. Fla. Dec. 9, 2019), R&R adopted, No. 3:19-CV-4915-LC-MJF, 2020 U.S. Dist. LEXIS 5873, 2020 WL 210804 (N.D. Fla. Jan. 14, 2020) (dismissing action because the court lacks jurisdiction to rule on any procedural (or substantive) matters before an actual habeas petition is filed); Bailey v. W. Virginia, No. 1:18-CV-01403, 2019 U.S. Dist. LEXIS 175565, at *19-20, 2019 WL 5061261, at *6 (S.D.W. Va. Aug. 5, 2019), R&R adopted, No. 1:18-CV-01403, 2019 U.S. Dist. LEXIS 174264, 2019 WL 5057950 (S.D.W. Va. Oct. 8, 2019) (denying motion to stay absent any underlying § 2254 petition, or any articulation of potential claims provided in the motion) (collecting cases).

Because LeBlanc has not yet filed a petition for writ of habeas corpus, and his motion for stay and abeyance does not include grounds for substantive habeas relief, there is no case or controversy before the court. As such, the district judge should dismiss the motion for lack of subject matter jurisdiction.

Dismissal of this motion does not preclude LeBlanc from timely filing a place-holder habeas petition that states grounds for relief, with supporting facts, concurrent with another motion to stay and abey federal habeas proceedings, while he exhausts his claims in the state courts.  The docket in LeBlanc's state case, State v. LeBlanc, No. 216-2013-CR-00657 (N.H. Super. Ct., Hillsborough Cty., N. Dist.), shows a hearing on LeBlanc's motion for a new trial is scheduled on July 29, 2020, in Hillsborough County Superior Court.  Thus, LeBlanc has not yet fully exhausted his claims in the state courts, and time remains for him to file a place-holder habeas petition and motion for stay and abeyance.

## Conclusion

For the foregoing reasons, the district judge should dismiss the "Motion for Stay and Abeyance of Petition Filed Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" for lack of subject matter jurisdiction and direct that this action be terminated.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See

7

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 8, 2020

cc: Scott LeBlanc, pro se